UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marcus Washington,

       Plaintiff,

                                              Case No. 14-cv-13782
v.                                          Hon. Judith E. Levy

Anthony Stewart,

       Defendant.

_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

## I.    Introduction

Marcus Washington, ("petitioner"), confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his 1993 conviction out of the Detroit Recorder's Court for first-degree murder, M.C.L. § 750.316, and possession of a firearm in the commission of a felony, M.C.L. § 750.227b. Petitioner previously filed a petition for a writ of habeas corpus challenging this conviction. The petition was denied on the merits. *Washington v. Robinson,* U.S.D.C. No. 96-CV-74719-DT (E.D.

Mich. October 23, 1998) (Friedman, J.); *app. dism.* U.S.C.A. No. 98-2319 (6th Cir. March 24, 1999). For the following reasons, the Court will transfer this case to the Court of Appeals.

## II.   Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court "does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition." *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to

the court of appeals "no matter how meritorious the district court believes the petitioner's claim to be." *Id.* at 971 (citing *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997)); *see also* 28 U.S.C. § 1631. Petitioner, in fact, has filed a motion under 28 U.S.C. § 2244 for permission to file a successive petition, although he filed it with this Court and not with the Court of Appeals.

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his first petition if it had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998) (citing *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998)), petitioner's first habeas petition was dismissed on the merits. Moreover, although some of petitioner's claims were dismissed for unexcused procedural default, the Sixth Circuit has held that such a dismissal would be considered a ruling on the merits for purposes of § 2244(b)(3)(A). *See In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000). Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus, and he is, therefore, required to obtain a certificate of authorization.

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

### III. Order

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court ORDERS the Clerk of the Court to TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


Dated: October 15, 2014  s/Judith E. Levy_____
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2014.

  s/Felicia M. Moses_____
  FELICIA M. MOSES
  Case Manager